[844 NYS2d 770]

In the Matter of VINCENT M. GAUGHAN, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 9, 2007

## APPEARANCES OF COUNSEL

*Roderick Quebral, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.
*Mark R. Uba*, Williamsville, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on September 18, 1979, and, during the time period relevant to this proceeding, maintained an office for the practice of law in Hamburg. The Grievance Committee filed a petition charging respondent with acts of misconduct, including those arising from his representation of a client in a criminal matter. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Prior to the hearing, the parties executed a stipulation resolving outstanding issues of fact. The Referee filed a report based upon the pleadings and stipulated facts, which the Grievance Committee moves to confirm.

Respondent admits that he failed to file a timely notice of appeal on behalf of his client or to move for an extension of time to take an appeal and that he made misleading statements in a voice mail message to the client with respect to the filing of an appeal. Additionally, respondent admits that he failed to comply in a timely manner with attorney registration requirements and to respond promptly to requests for information from the Grievance Committee concerning the status of his registration.

We confirm the findings of fact made by the Referee and conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer; and

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him.

Additionally, respondent violated Judiciary Law § 468-a and 22 NYCRR 118.1 by failing to comply with attorney registration requirements.

We have considered the matters submitted by respondent in mitigation, including that the misconduct arising from his representation of the client in the criminal matter was the result of carelessness and inattentiveness and occurred during a period of time in which he was out of the country. Additionally, we have considered the finding of the Referee that respondent suffers from a serious medical condition, as well as the submission of respondent that his ability to respond promptly to requests for information from the Grievance Committee was hampered by his illness. Finally, we have considered respondent's expression of remorse for the misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

GORSKI, J.P., LUNN, FAHEY, GREEN and PINE, JJ., concur.

Order of censure entered.